UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHELLEY NASER | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CASE NO. |
| RAVAGO SHARED SERVICES LLC | ) | 3:10-cv-00573-WWE |
| | ) | |
| *Defendant.* | ) | October 4, 2010 |

**AMENDED COMPLAINT**

**I. THE PARTIES**

1.  Plaintiff, Shelley Naser (hereinafter, "plaintiff" or "Naser"), is an individual residing in Wallingford, Connecticut.

2.  Defendant, Ravago Shared Services, LLC (hereinafter, "defendant" or "Ravago"), is a Delaware limited liability company with a principal place of business in the State of Florida and registered to transact business within the State of Connecticut and has offices located at Norwalk, Connecticut. Ravago is a supplier of polymers and raw materials subject to regulation by the regulations of the Food and Drug Administration. Ravago obtains raw materials from numerous manufacturers including the Dow Chemical Company and the Exxon Mobil Corporation and supplies such goods to hundred of third party purchasers.

## II. JURISICTION

3. This matter was initially filed on April 7, 2010 in the Superior Court of the State of Connecticut (Judicial District of New Haven; Docket No.: NNH-CV10-6009962-S). On April 14, 2010, the defendant removed this matter to this Court alleging the case involves diverse parties and, thus, that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## III. FACTUAL BACKGROUND

4. From March of 2008 through October of 2008, Naser was employed by Ravago as an independent consultant. While employed as a consultant, Naser was also employed as a partner of Santoro Home Improvement.

5. In or around October of 2008, defendant requested that Naser join Ravago as a full-time, permanent employee as the manager of defendant's domestic and international product services teams.

6. On or around November 1, 2008, Naser commenced her full-time permanent employment with Ravago.

7. As condition precedent for Naser's full-time permanent employment, Ravago required plaintiff to countersign a written offer of employment (hereinafter, the "Offer").

8. The Offer provided, *inter alia*, that Ms. Naser was to commence her employment with a six month trial period starting November 1, 2008 (hereinafter, the "Trial Period").

9. Upon Naser's completion of the Trial Period, absent termination by either party upon thirty (30) days advance notice, Ms. Naser was to remain employed by defendant through the remainder of the 2009 calendar year as evidenced by the duration of the performance based bonus program contained in the Offer.

10. At all times during her employment with Ravago, including, but not limited to the Trial Period, Naser competently and faithfully performed her job duties and responsibilities.

11. On April 30, 2009, at the expiration of the Trial Period and a month after the deadline for notice of termination, Ravago commended Naser's work performance and represented (i) that there would be no changes with the domestic and international product services teams and (ii) that Naser could continue her employment for the duration of the Offer's term. Based on these representations, Naser continued her employment with Ravago with the expectation that she would be employed, at a minimum, throughout the term as specified in the Offer. Thereafter, Naser discontinued her relationship with Santoro Home Improvement.

12. During her employment, and continuing up until the time of her termination, Plaintiff raised issues regarding Defendant's non-compliance with federal regulation administered by the Food and Drug Administration.

13. Specifically, Naser learned that Ravago salespersons and product managers were instructing employees to alter certificates of authenticity and bills of

lading for raw materials regulated by the Food and Drug Administration (hereinafter referred to as the "intentional mislabeling"). The purpose of these alterations was to deceive purchasers as to the product's composition. Upon being apprised of the intentional mislabeling, Naser immediately instructed the employees to cease such practices.

14. In or around May of 2009, Naser's efforts to curtail the intentional mislabeling was brought to the attention of Ravago's management.

15. Thereafter, on or about May 20, 2009, Ravago terminated Naser's employment without compensation for the remainder of the term as orally promised.

## COUNT ONE: BREACH OF IMPLIED CONTRACT

1-15. Paragraphs 1 through 15 are hereby incorporated by reference and made Paragraphs 1 through 15 of Count One.

16. Ravago breached the terms of the Offer by terminating Naser's employment without providing plaintiff with thirty days notice prior to the expiration of the Trial Period.

17. Ravago breached an implied contract between the parties by terminating Naser after its promise that she would remain employed through the duration of the term specified in the Offer and failing and refusing to pay Naser all wages and benefits owed for the duration of same.

18. As a result of Ravago's breach, Ms. Naser has suffered financial losses including compensation owed and the loss of opportunities with Santoro Home Improvement.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff claims,

1. Damages, including, but not limited to, wages and lost benefits;

2. Reliance damages;

3. An award of attorneys' fees and costs;

4. Future economic losses;

5. Interest and costs;

6. Such other relief as in law or equity may pertain.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues so triable.

Plaintiff
By her attorneys

By: /s/ C. Scott Schwefel
C. Scott Schwefel
Shipman, Sosensky, & Marks, LLC
20 Batterson Park Road
Farmington, CT 06032
Telephone: 860-606-1712
Facsimile: 860-606-1770
Juris No.: 419439

## CERTIFICATION

The undersigned hereby certifies that on October 4, 2010, a copy of the foregoing *Amended Complaint* was filed electronically and served by electronic service to those receiving notices through the Court's CM/ECF system.

_____
C. Scott Schwefel