UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

SHELLEY NASER,
Plaintiff,

2012 FEB 27 P 2: 03

U.S. DISTRICT COURT
BRIDGEPORT, CONN

v.

CIV. NO. 3:10CV573(WWE)

RAVAGO SHARED SERVICES LLC,
Defendant.

## MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

In her complaint, plaintiff Shelley Naser alleges that defendant Ravago Shared Services LLC is liable for breach of implied contract. Defendant has filed a motion for summary judgment on that claim. For the following reasons, the motion for summary judgment will be denied.

## BACKGROUND

The parties have submitted memoranda, statements of facts, affidavits and exhibits, which demonstrate that the following facts are not in dispute.

Defendant is a supplier of raw plastics materials and operates several facilities, including one in Norwalk, Connecticut. Damian Mullin is the current National Sales Director for defendant's affiliate H. Muehlstein & Co. In January 2008, he held the position of Chief Operations Officer for defendant. Margaret Smith is the former Manager of Human Resources, and Valeria Zabovsky is the former General Manager.

In January or February 2008, Zabovsky contacted plaintiff about her taking an independent contractor position with defendant. Zabovsky explained that defendant needed her to speak with other company representatives about resolving service

delivery issues. Plaintiff agreed to work as an independent contractor.

From March through October 2008, plaintiff worked as an independent contractor for defendant. During this period, plaintiff developed a consulting plan to restructure the product services team. She also spoke with Mullin, Zabovsky and Smith about potential employment with defendant. In October, defendant offered plaintiff a position of employment.

The offer letter informed plaintiff that her title would be Manager, Product Services, and that she would report to David Skoczen. It stated:

> Your initial employment with [Ravago] will be for a six-month trial period (through April 30, 2009) at which point [Ravago] or you may terminate this agreement, subject to 30 days prior notice. [Ravago] reserves the right to terminate your employment prior to the end of this six-month period with 30 days prior notice.

The letter went on to provide that it "represents the entire understanding" between plaintiff and defendant.

Plaintiff had an opportunity to review the offer letter, and she signed it on October 27, 2008.

On October 31, plaintiff commenced her employment with defendant and signed a "Trade Secrets and Confidential Information Agreement" ("Trade Secrets Agreement"), which contained an employment at-will disclaimer clause. The Trade Secrets Agreement stated in all capital letters: "EMPLOYEE RESERVES THE RIGHT TO TERMINATE HIS/HER EMPLOYMENT AT ANY TIME FOR ANY OR NO REASON AND EMPLOYER RESERVES THE RIGHT TO TERMINATE EMPLOYEE'S EMPLOYMENT AT ANY TIME FOR ANY OR NO REASON."

On April 15, 2009, prior to expiration of her trial period, plaintiff met with Mullin to

discuss her employment. In her deposition, plaintiff testified that she was informed that no changes would be made to her department or her position until at least the end of the year. Thereafter, plaintiff discontinued her relationship with Santoro Home Improvement where she was a partner.

On April 30, 2009, defendant held a quarterly review, which included plaintiff and the employees reporting to her. According to plaintiff's deposition, several executives who spoke at the meeting informed attendees that "there were no changes being made within" plaintiff's department.

On May 20, 2009, Mullin requested a meeting with plaintiff. According to plaintiff's testimony, Mullin informed her that defendant had "changed directions" and had "decided not to continue with" the consulting arrangement. Plaintiff asserted that she was an employee and not a consultant and she referred back to Mullin's representation that she would continue through the end of the year at least.

Following her meeting with Mullin, plaintiff met with Smith in Human Resources to discuss her conversation with Mullin. Smith scheduled a meeting with plaintiff and Mullin. During that later meeting, plaintiff referenced her April 15, 2009 conversation with Mullin and asked for clarification concerning her termination. Mullin responded that defendant had decided to change directions. Smith only added that plaintiff's status was as an employee rather than a consultant.

At Mullin's request, plaintiff continued to work for defendant during the transition of her responsibilities. On June 16, 2009, defendant terminated her employment.

## Discussion

A motion for summary judgment will be granted where there is no genuine issue

as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24.

Plaintiff alleges that defendant has breached an implied employment contract based on the offer letter and oral representations made by defendant's employees.

The elements of a breach of an implied contract action are the formation of an agreement, performance by one party, breach of the agreement by the other party and damages. Pelletier v. Galske, 105 Conn. App. 77, 81 (2007). A contract implied in fact depends on an actual agreement that there be an obligation created by law that imposes a duty to perform, and such obligation may arise from words, actions or conduct. Homecare, Inc. v. Acquarulo, 38 Conn. App. 772, 775 (1995). "It is not fatal to a finding of an implied contract that there were no express manifestations of mutual

4

assent if the parties, by their conduct, recognized the existence of contractual obligations." Rahmati v. Mehri, 188 Conn. 583, 587 (1982). Thus, to prevail on her wrongful termination claim based on the alleged existence of an implied agreement between the parties, plaintiff has the burden of proving that defendant agreed, either by words or action or conduct, to undertake some form of actual contractual commitment that she could not be terminated without just cause. Barry v. Posi-Seal Intern., Inc., 36 Conn. App. 1, 6 (1994).

Under Connecticut law, an employment contract is presumed to be terminable at will. Lockwood v. Prof'l Wheelchair Transp., Inc., 37 Conn. App. 85, 94 (1995). Contracts of permanent employment or for an indefinite term are also terminable at will. Torosyan v. Boehringeer Ingelheim Pharm., Inc., 234 Conn. 1, 14 (1995).

Plaintiff asserts that the oral representations from Mullin and defendant's executives modified plaintiff's at-will employment to an implied contract that she would be employed throughout the rest of the calendar year. In Barry, an executive's comments that plaintiff would continue to have a job if he did his work coupled with a three stage process for employee discipline set forth in an employee manual were sufficient to give rise to a reasonable finding of an implied contract. Defendant points out that the instant case does not involve any provision of an employee manual, and the asserted comments by Mullin and the executives lack definite and specific terms to confer a commitment of an implied contract. However, the Court must construe the evidence in the light most favorable to plaintiff, and Mullin's alleged comment indicates a specific time period of employment. Accordingly, the Court finds that genuine issues of fact preclude summary judgment. Plaintiff will be left to her proof.

## CONCLUSION

Based on the foregoing, the motion for summary (doc. #46) is DENIED.

Dated at Bridgeport this **27**th day of February, 2012.

/s/ Warren W. Eginton, SUSDJ
_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE